UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH PATRICK CULLIVAN,<br><br>      Plaintiff,<br><br>    v.<br><br>KANSAS CITY SOUTHERN RAILWAY COMPANY,<br><br>      Defendant. | Case No. 09-cv-685-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Joseph Patrick Cullivan's (hereinafter "Cullivan") Motion to Remand (Doc. 9) and Memorandum (Doc. 10) in support thereof. Defendant Kansas City Southern Railway Company (hereinafter "KCSR") filed a Response (Doc. 13), to which Cullivan filed a Reply (Doc. 14).

The Court deems Cullivan's reply to be untimely due to its submission more than one month after the response's filing. *See* S.D. Ill. R. 7.1(c). In addition, the reply represents an almost identical reiteration of Cullivan's original memorandum and offers no new substantive argument. Put another way, Cullivan's reply serves no real purpose and flies in the face of this Court's clear procedural rules. *Id.* ("Reply briefs are not favored and should be filed only in exceptional circumstances."). Accordingly, the Court **STRIKES** said reply. Further, for the following reasons, the Court **DENIES** the instant motion.

### BACKGROUND

**I.**     **Facts**

The following brief statement of facts is taken from Cullivan's state court complaint. (*See* Doc. 2-1).

On or about July 6, 2007, a train, operated by KCSR employees, struck Cullivan violently and without warning.  Just prior to collision, Cullivan had been busy operating a grappling boom truck over a railroad track and road crossing owned by KCSR.  The parties dispute whether Cullivan had ever served or had been serving at the time as a dual/joint/borrowed maintenance-of-way employee of KCSR   Regardless of his employment status, Plaintiff sustained and has suffered from numerous alleged injuries and psychological/emotional damages due to the accident.

## II.   Relevant Procedural Posture

Cullivan filed a complaint, naming KCSR defendant, in the Circuit Court of Madison County on July 2, 2009.  (*See* Doc. 2-1).  The complaint stated one count of violation of the Federal Employers' Liability Act (hereinafter "FELA"),  45 U.S.C. § § 51 *et seq*.  KCSR timely removed this matter to federal court on September 1, 2009, alleging diversity jurisdiction under 28 U.S.C. § 1332.  (*See* Doc. 2).  Cullivan thereafter timely filed the motion to remand at issue.

## ANALYSIS

## I.   Removal Generally

A defendant may remove a case filed in state court to federal court so long as there is original federal jurisdiction over the case.  28 U.S.C. § 1441(a) (2006); *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997).  The party invoking the Court's jurisdiction bears the burden of showing that the case is properly brought.  *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 979 (7th Cir. 2000); *Am. Bankers Life Assur. Co. of Fla. v. Evans*, 319 F.3d 907, 909

(7th Cir. 2003). This general policy applies to the FELA context as well. *See, e.g.*, *Bunnell v. Union Pacific R.R. Co.*, No. 07-cv-0686-MJR-DGW, 2007 WL 4531513, at *1 (S.D. Ill. 2007). Statutes that provide for removal are to be construed narrowly, and any doubts concerning removal should be resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). In other words, there is a strong presumption in favor of remand. *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

II.     **FELA Generally**

Drafted in the wake of the railroad boom of the early twentieth century, FELA's enactment stemmed from the belief that "justice demands that one who gives his labor to the furtherance of the [railroad] enterprise should be assured that all combining their exertions with him in the common pursuit will conduct themselves in all respects with sufficient care that his safety while doing his part will not be endangered." *Sinkler v. Mo. Pac. R.R. Co.*, 356 U.S. 326, 330 (1958). In other words, FELA seeks to "provide broad remedial measures" to railroad employees. *Walker v. Ne. Reg'l Commuter R.R. Corp.*, 225 F.3d 895, 897 (7th Cir. 2000) (citing *Lisek v. Norfolk & W. Ry. Co.*, 30 F.3d 823, 831 (7th Cir. 1994)). The core of FELA has remained the same for over one-hundred years. It states, in relevant part, as follows:

> Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51 (2006). To recover under this statute, a plaintiff must ultimately prove "the traditional common law elements of negligence, including foreseeability, duty, breach, and causation," although the "quantum of evidence necessary to establish liability under . . . FELA is

3

lower than that required in an ordinary negligence action." *Fulk v. Ill. Cent. R.R. Co.*, 22 F.3d 120, 124 (7th Cir. 1994). Of course, the prerequisite to a successful FELA claim is that it be brought by a railroad employee or former railroad employee against a common carrier.

Federal and state courts hold concurrent jurisdiction over FELA claims. 45 U.S.C. § 56 (2006). If a plaintiff chooses to file his FELA action in state court, it cannot thereafter be removed to federal court. 28 U.S.C. § 1445(a) (2006); *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1561 (7th Cir. 1989) ("defendants are not allowed to defeat a FELA plaintiff's choice of a state forum by removing the action to federal court.") (footnote omitted); *Lewis v. Louisville & Nashville R.R. Co.*, 758 F.2d 219, 221 (7th Cir. 1985) ("a claim based on [an applicable provision] of . . . FELA is never removable.").

However, this is not to say that all complaints containing the word "FELA" and filed in state court can never be removed. Plaintiff's allegations must *actually* constitute a FELA claim to take advantage of the statute's deference to forum. *See Hammond v. Terminal R.R. Ass'n of St. Louis*, 848 F.2d 95, 97 (7th Cir. 1988). "A claim does not arise under . . . FELA merely because the plaintiff names that statute in his complaint and omits (accidentally or by design) the claim's true source." *Id*.

### III. Extrinsic Evidence

As a preliminary mater, the Court must address whether evidence outside the parties' briefings may be considered in its analysis.[1] Cullivan briefly argues that removal analysis must be confined to the complaint, relying on two nearly century-old United States Supreme Court

---

[1] Specifically, at issue is whether the Court may consider the affidavit of KCSR employee Frank Cherrito. (*See* Doc. 2-2). KCSR attached said affidavit as an exhibit to its Notice of Removal (Doc. 2).

cases to support his proposition. *See Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280-82 (1918); *S. Ry. Co. v. W.L. Lloyd*, 239 U.S. 496, 500 (1916). However, in seemingly contradictory fashion, Cullivan cites a recent decision of United States District Judge Michael J. Reagan, who held that "it may be appropriate for the district court to look beyond the complaint [in FELA cases] and consider other evidence in ascertaining whether jurisdiction lies." (Doc. 10, p. 3) (citing *Gowdy v. Norfolk S. Ry. Co.*, No. 07-CV-0365-MJR, 2007 WL 1958592, at *3-4 (S.D. Ill. July 2, 2007)). Cullivan makes no attempt to distinguish the holding of District Judge Reagan from the matter currently pending before the Court; rather, he relies heavily on *Gowdy* in his substantive argument and even goes so far as to attach *Gowdy* as an exhibit to his memorandum. (*See* Doc. 10-1).

Here, the Court can and will be considering extrinsic documentation submitted by the parties in its analysis of the instant motion. This is supported by the seemingly inapposite nature of the Supreme Court cases cited by Cullivan. Moreover, like District Judge Reagan in *Gowdy*, the Court finds that motions to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), support consideration of extrinsic evidence in the motion to remand context.[2] *See Gowdy*, 2007 WL 1958592, at *7. In short, "the district court has not only the right but the *duty* to 'look beyond the allegations of the complaint,' conduct 'a careful inquiry,' and 'make a conclusive determination whether it has subject matter jurisdiction or

---

[2] It is well-settled that a court may look outside the complaint and consider other evidence (i.e. an affidavit) when ruling on a Rule 12(b)(1) motion to dismiss. *See, e.g. Johnson v. Apna Gar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003); *Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 701 (7th Cir. 2003); *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

not.'" *Id.* (emphasis in original) (quoting *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)).

### IV. KCSR's Uncontradicted Affidavit Mandates Denial of Cullivan's Motion

The ability of the Court to consider evidence outside the instant motion's briefing is crucial in this case; specifically, the Affidavit (Doc. 2-2) of Frank Cherrito (hereinafter "Cherrito") dictates that this matter remain the domain of federal court.[3] Cherrito, an employee of KCSR with access to its business/employment records, maintains, under oath, that Cullivan was not an employee of KCSR at the time of the accident underlying this lawsuit. (Doc. 2-2, p. 1, ¶ 3). Cherrito further avers the following:

> Defendant KCSR did not control, or have the right to directly control, the day-to-day activities of Plaintiff's employment at the time of the events complained of. Defendant KCSR did not perform any supervisory role over the means and manner of Plaintiff's job performance. . . . At [the time of the accident], KCSR did not control, or have the right to control, any of the work Plaintiff was doing, and did not perform any supervisory role over the means and manner of Plaintiff's job performance.

*Id.* at p. 1-2, ¶ 4. This, of course, raises suspicion as to whether Cullivan's claim truly arises under FELA, as he must have been an employee of KCSR at the time of the accident to bring such a claim.

Despite filing a reply, which the Court is striking from the record for reasons discussed *supra*, Cullivan did not counter or address Cherrito's affidavit. The significance of this can once again be drawn from the realm of motions to dismiss for lack of subject matter jurisdiction. When ruling on such motions, courts will take as true, and often give great weight, to

---

[3]More specifically, Cullivan's failure to clarify or attack Cherrito's affidavit dictates that this matter remain in federal court.

uncontradicted affidavits in discerning whether subject matter jurisdiction exists. *See, e.g. Enderle v. Alltac Corp.*, No. 87 C 368, 1987 WL 14710, at *2 (N.D. Ill July 21, 1987) ("[T]he uncontested affidavit of Markus Kopf, president of Alltac Corporation and a resident of Colorado, whose factual assertions have never been controverted in this case, clearly establishes that there is no basis for subject matter jurisdiction."); *Brown v. Fed'n of State Med. Bds. of U.S.*, No. 82 C 7398, 1985 WL 1659, at *3 (N.D. Ill. May 31, 1985) ("Since a movant may offer affidavits and other evidentiary material to support claims of lack of [subject matter] jurisdiction . . . we have taken defendants' uncontradicted evidentiary material into account in our determination of relevant facts.") (citation omitted). This approach can be found in other similar contexts, including motions to remand on grounds of fraudulent joinder[4] and motions to dismiss) for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2)[5].[6] And, as a practical matter, it would make very little sense for this Court to be able to consider

---

[4]*See e.g.*, *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 655 (7th Cir. 1992) (non-diverse defendant's uncontradicted affidavit maintaining that he had nothing to do with injury-causing machine established fraudulent joinder); *Veugeler v. Gen. Motors Corp.*, No. 96 C 7278, 1997 WL 160749, at *2 (N.D. Ill. Apr. 2, 1997) (uncontroverted affidavit, wherein non-diverse defendant stated that it did not design, manufacture, or supply air bags at issue, was sufficient to establish fraudulent joinder); *Bodine's Inc. v. Fed. Ins. Co.*, 601 F. Supp. 47, 49-50 (N.D. Ill. 1984) (insurance policy coupled with uncontested affidavits of non-diverse defendants established fraudulent joinder).

[5]*See, e.g.,Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003) ("[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of [personal] jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.") (footnote omitted); *BAB Sys. Inc. v. Pilatus Inv. Group, Inc.*, No. 05 C 3038, 2007 WL 328877, at *4 (N.D. Ill. Jan. 31, 2007) ("At this stage, Plaintiffs may not rest upon the allegations of their complaint to establish [personal] jurisdiction, and we must presume the uncontested facts in the affidavits to be true.").

[6]Moreover, a plaintiff's failure to support his argument via affidavit, deposition, or other form of proffer can and should generally bear consequences in FELA cases. *See, e.g., Toth v. Grant Trunk R.R.*, 306 F.3d 335, 348 (6th Cir. 2002) (concerning rebuttal trial testimony).

uncontradicted extrinsic documentation yet give it no deference as to truthfulness.

With the above in mind, the Court accepts as true Cherrito's numerous averments. Since KCSR did not employ, control, or have the right to control Cullivan on July 6, 2007, Cullivan could not have been "employed", even as a dual/joint/borrowed servant, by a railroad for purposes of FELA. Subsequently, his claim does not fall thereunder, and this matter may remain in federal court due to KCSR's successful pleading of diversity jurisdiction in its Notice of Removal (Doc. 2). *See* 28 U.S.C. § 1332 (2006); *Kelley v. S. Pac. Co.*, 419 U.S. 318 (1974). The Court is well-aware that District Judge Reagan did remand *Gowdy* despite the submission of a defendant employee's affidavit that strongly resembles Cherrito's. Nevertheless, the Court notes the non-binding nature of *Gowdy*, as well as extrinsic documentation submitted by the plaintiff in that case, which is missing from the matter currently before the Court. More importantly, as a whole, Cherrito's affidavit sufficiently establishes that KCSR did not exercise any actual control over Cullivan's work-related activities.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Cullivan's Motion to Remand (Doc. 9).

**IT IS SO ORDERED.**
**DATED: January 27, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
