UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JOSEPH PATRICK CULLIVAN,

        Plaintiff,

    v.

KANSAS CITY SOUTHERN RAILWAY COMPANY,

        Defendant.

Case No. 09-cv-685-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Kansas City Southern Railway Company's (hereinafter "KCSR") Motion for Summary Judgment (Doc. 11) and Memorandum (Doc. 12) in support thereof. Plaintiff Joseph Patrick Cullivan (hereinafter "Cullivan") filed a Memorandum (Doc. 15) in opposition to said filings, to which KCSR filed a Reply (Doc. 16). For the following reasons, the Court, *inter alia*, **GRANTS KCSR'S motion insofar as it seeks dismissal of Cullivan's currently pleaded claim.**

## BACKGROUND

On July 2, 2009, Cullivan filed a one count Complaint (Doc. 2-1) in the Circuit Court of Madison County, Illinois, alleging violation of the Federal Employers' Liability Act (hereinafter "FELA") by KCSR. Following removal by KCSR, this matter became the domain of this Court. In a recent Memorandum and Order (Doc. 22) denying Cullivan's Motion to Remand (Doc. 9), the Court chronicled the relevant facts and procedural posture of this case; accordingly, they need not be repeated here. However, said order does bear great significance to analysis of the instant motion, as will be seen *infra*.

## ANALYSIS

### I. Summary Judgment Generally

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir.1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252; *accord Michas*, 209 F.3d at 692.

## II. FELA Generally

Drafted in the wake of the railroad boom of the early twentieth century, FELA's enactment stemmed from the belief that "justice demands that one who gives his labor to the furtherance of the [railroad] enterprise should be assured that all combining their exertions with him in the common pursuit will conduct themselves in all respects with sufficient care that his safety while doing his part will not be endangered." *Sinkler v. Mo. Pac. R.R. Co.*, 356 U.S. 326, 330 (1958). In other words, FELA seeks to "provide broad remedial measures" to railroad employees. *Walker v. Ne. Reg'l Commuter R.R. Corp.*, 225 F.3d 895, 897 (7th Cir. 2000) (citing *Lisek v. Norfolk & W. Ry. Co.*, 30 F.3d 823, 831 (7th Cir. 1994)). The core of FELA has remained the same for over one-hundred years. It states, in relevant part, as follows:

> Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury. . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51 (2006). To recover under this statute, a plaintiff must ultimately prove "the traditional common law elements of negligence, including foreseeability, duty, breach, and causation," although the "quantum of evidence necessary to establish liability under . . . FELA is lower than that required in an ordinary negligence action." *Fulk v. Ill. Cent. R.R. Co.*, 22 F.3d 120, 124 (7th Cir. 1994).

## III. Cullivan Was Not "Employed" by KCSR; Thus, His FELA Claim Must Fail

The prerequisite to a successful FELA claim is that it be brought by a railroad employee or former railroad employee against a rail carrier. 45 U.S.C. § 51 (2006). However, if

3

nominally employed elsewhere, a plaintiff can establish such "employment" in one of three ways. *Kelley v. S. Pac. Co.*, 419 U.S. 318, 324 (1974). "First the employee could be serving as the borrowed servant of the railroad at the time of his injury. Second, he could be deemed to be acting for two masters simultaneously. Finally, he could be a subservant of a company that was in turn a servant of the railroad." *Id.* (citations omitted).

Although not nominally employed by KCSR, Cullivan argues that he was either a borrowed or dual servant of the company on the day of the accident. (Doc. 2-1, p. 5, ¶ 3) (stating that, on the date of the accident, he was "employed as a dual or joint or borrowed maintenance-of-way employee" for KCSR). To effectively establish such borrowed servant or dual employee status, a plaintiff must establish that the railroad exercised or held sufficient control over *his* activities. *See Kelley*, 419 U.S. at 325-26 (wherein the Supreme Court discussed a "control or right to control" test and held that "[n]othing in the District Court's findings suggests that petitioner was sufficiently under the control of respondent to be either a borrowed servant of the railroad or a dual servant of the railroad and [plaintiff's nominal employer]"); *see also Smith v. Norfolk S. Ry. Co.*, No. 09-CV-2051, 2009 WL 960684, at *1 (C.D. Ill. Apr. 8, 2009); *Bunnell v. Union Pac. R.R. Co.*, No. 07-cv-0686-MJR-DGW, 2007 WL 4531513, at *3 (S.D. Ill. Dec. 19, 2007) ("Critical to the analysis of both the borrowed servant and the dual servant theory is the issue of control."). This control must be somewhat substantial and cannot represent mere oversight. *See, e.g., Bunnell*, 2007 WL 4531513, at *2 ("[A]n injured worker not directly employed by a rail carrier still may be covered under FELA if the rail carrier exercised *substantial* control over the worker's employment.") (emphasis added); *Gowdy v. Norfolk S. Ry. Co.*, No. 07-CV-0365-MJR, 2007 WL 1958592, at *4 (S.D. Ill. July 2, 2007) ("It is possible for an injured worker to demonstrate that a rail carrier, while not directly employing him, still

exercised such control over his employment that he should be considered 'employed' by the carrier for FELA purposes.").

Here, in light of the uncontested affidavit of KCSR employee Frank Cherrito, the Court previously held that Cullivan was not employed by KCSR, even as a borrowed or dual servant.[1] More importantly, the Court explicitly found that Cullivan's claim did not fall under FELA in holding as follows:

> KCSR did not employ, control, or have the right to control Cullivan on July 6, 2007 [the date of the accident underlying this lawsuit], Cullivan could not have been "employed", even as a dual/joint/borrowed servant, by a railroad for purposes of FELA.  Subsequently, his claim does not fall thereunder, and this matter may remain in federal court due to KCSR's successful pleading of diversity jurisdiction in its Notice of Removal (Doc. 2). . . . [A]s a whole, Cherrito's affidavit sufficiently establishes that KCSR did not exercise any actual control over Cullivan's work-related activities.

(Doc. 22, p. 8) (citations omitted).

Cullivan's response to the instant motion, which was filed before the Court issued the aforementioned ruling, does nothing to shake the Court's faith in its findings.  In short, Cullivan makes two arguments: 1) this case is in its infancy and further discovery should reveal Cullivan's status as an employee of KCSR, and; 2) KCSR's control over the crossing where the accident occurred, supported by a variety of evidence, equates to its control over Cullivan. Cullivan's first argument may be disposed of quickly.  Federal Rule of Civil Procedure 56(f) makes clear that, if a party opposing the summary judgment motion cannot yet present facts to justify its opposition, he should submit an affidavit with the court stating as much.  The Court may then, in its discretion, deny summary judgment, order a continuance, or issue any other just

---

[1] The Court made such findings in its Memorandum and Order (Doc. 22) denying Cullivan's Motion to Remand (Doc. 9).

order. Fed. R. Civ. P. 56(f). Cullivan made no attempt to invoke Rule 56(f), and the Court will not accept his discovery argument as its substitution.[2] Contrary to Cullivan' assertions, this motion is ripe for ruling. Cullivan's second argument makes much ado about KCSR's control over the railroad crossing. However, any control that KCSR may have had over the premises does not equate to control over Cullivan himself, let alone the substantial control required to bring a FELA claim. Indeed, as KCSR points out, to give into Cullivan's rationale would mean that every railroad employee working on a railway crossing would be an employee of the owner of that crossing. This was not the intent of FELA, and the Court will not construe it in such a way. Accordingly, there remains no genuine issue of material fact as to Cullivan's FELA claim.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** KCSR's Motion for Summary Judgment (Doc. 11) **insofar as it seeks dismissal of Cullivan's claim under the Federal Employer**s' **Liability Act, 45 U.S.C. § 51** *et seq*. However, the Court notes that Cullivan previously alleged that "should he be found not to be an employee of Defendant [for FELA purposes], Defendant owed him a duty in common law." (Doc. 2-1, p. 2, ¶ 2). In light of this allegation as well as Cullivan's request for leave to file an amended complaint in his Memorandum (Doc. 15) in opposition to summary judgment, the Court **GRANTS Cullivan leave to file an amended complaint no later than February 19, 2010.**

**IT IS SO ORDERED.**
**DATED: February 1, 2010**

                                                                  s/ J. Phil Gilbert
                                                                  **J. PHIL GILBERT**
                                                                  **DISTRICT JUDGE**

---

[2] If anything, Federal Rule of Civil Procedure 56(e)(2) should have indicated to Cullivan that he could counter Cherrito's averments by "affidavit or as otherwise provided in [Rule 56]."